UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

CRISTINA RIOS, on behalf of herself and  all others                  :
similarly situated,                                                  :    Case No.  14 Civ. 1093
                                                                     :
                                          Plaintiff,                 :    COLLECTIVE ACTION
             - against -                                             :    COMPLAINT
                                                                     :
AMERIGROUP NEW YORK, LLC,                                            :
                                                                     :
                                          Defendant.                 :
----------------------------------------------------------------------- X

       Plaintiff Cristina Rios ("Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys Shulman Kessler LLP, complaining of the Defendant Amerigroup New York, LLC ("Defendant" or "Amerigroup"), alleges as follows:

## INTRODUCTION

       1.     This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who have been employed by Defendant.

       2.     Defendant is an insurance company that operates throughout the United States, including New York.

       3.     Throughout the relevant period, Plaintiff was employed by Defendant as a Community Relations Representative.

       4.     While employed by Defendant, Plaintiff consistently worked over 40 hours per week without ever receiving premium overtime pay. Throughout the relevant period, it was Defendant's policy to deprive Plaintiff of her earned overtime wages.  In order to avoid paying Plaintiff's overtime premiums for the hours they worked in excess of 40 per workweek, Defendant misclassified the Community Relations Representative position as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL" or "N.Y. Lab. Law").

5.      Defendant offers eligible individual's government based health insurance programs, such as Medicaid.  Amerigroup manages group health care plans, and hires Community Relations Representative, such as Plaintiff, to market Medicaid, Child Health Plus, and Family HealthPlus at Community Based Organizations and community events, such as fairs, in order to provide information regarding Amerigroup's health plans to prospective enrollees. Community Relations Representatives refer prospective enrollees or "leads" to an Amerigroup Marketing Representative who was typically responsible for enrolling the prospective into a health care plan that is managed by Amerigroup and funded by the federal and state governments.

6.      Defendant requires its Community Relations Representatives to meet daunting productivity requirements each workweek, which forces Defendant's Community Relations Representatives to work in excess of 40 hours per workweek in order to avoid disciplinary action.

7.      Plaintiff brings this action on behalf of herself and similarly situated current and former Community Relations Representatives of Defendant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

8.      Plaintiff also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the three years immediately preceding the filing of this action, worked for Defendant as a Community Relations

2

Representative.

## JURISDICTION & VENUE

9.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

11.     Defendant does business in Kings, Queens, Richmond, New York, Nassau and Suffolk Counties and maintains a principal place of business at 241 37th Street, Brooklyn, New York.

12.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

13.     Cristina Rios is a resident of the County of Queens, State of New York.

14.     At all times relevant to the Complaint, Cristina Rios was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

15.     At all times relevant, Cristina Rios was employed by Defendant as a Community Relations Representative.

16.     Plaintiff has expressed her consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

17.     Upon information and belief, Defendant was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

18.     Upon information and belief, Defendant maintains control, oversight, and

3

direction over its operations and employment practices.

19.     At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

20.     At all times hereinafter mentioned, the activities of the Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

21.     At all times hereinafter mentioned, Defendant employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

22.     At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

23.     Defendant applies the same employment policies, practices, and procedures to all Community Relations Representative throughout New York, including policies, practices, and procedures with respect to payment of overtime compensation.

24.     Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

25.     Upon information and belief, there are approximately more than 20 current and former Community Relations Representative that are similarly situated to Plaintiff who were denied overtime compensation.

26.     Plaintiff brings the First Cause of Action, on behalf of herself and all similarly situated persons who have worked for Defendant as a Community Relations Representative, who elect to opt-in to this action.

27.     Plaintiff represents other Community Relations Representative, and is acting on behalf of Defendant's current and former Community Relations Representative interests as well as her own interests in bringing this action.

28.     Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All Community Relations Representative who are currently or have been employed by the Defendant and who worked greater than 40 hours per week (hereinafter referred to as the "FLSA Collective"), at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective Class Period").

29.     Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendant suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendant applied the same unlawful policies and practices to its Community Relations Representative throughout the State of New York.

5

30.     The FLSA Collective are readily identifiable and locatable through use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendant.

## FLSA COLLECTIVE CLASS-WIDE FACTUAL ALLEGATIONS

31.     Plaintiff and the members of the FLSA Collective (collectively "Class Members") have been victims of Defendant's common policy and plan that has violated their rights under the FLSA by denying them overtime compensation.  At all times relevant, Defendant's unlawful policy and pattern or practice has been willful.

32.     All of the work performed by Class Members was assigned by Defendant and/or Defendant was aware of all the work that Plaintiff and the Class Members performed.

33.     Upon information and belief, Defendant has a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 8 hours per workday and requiring Plaintiff and Class Members to work on weekends.

34.     Defendant failed to pay Plaintiff and Class Members time and one half for all hours worked over forty in a workweek in violation of the FLSA.

35.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA.  Defendant's policy and pattern or practice includes but is not limited to:

a.     Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, have worked for the benefit of Defendant;

6

      b.      Willfully failing to keep payroll records as required by the FLSA and NYLL; and,

      c.      Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for hours that they worked in excess of 40 per workweek.

36.      Defendant was or should have been aware that the FLSA required it to pay its Community Relations Representative premium overtime pay for hours worked in excess of 40 per week.

37.      Defendant's failure to pay Plaintiff and the Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

38.      Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

39.      Cristina Rios was employed by Defendant from in or about May 2011 until in or about September 2013 as a Community Relations Representative.

40.      Cristina Rios was an employee of Defendant, working under its direct supervision.

41.      At all times hereinafter mentioned, Cristina Rios was required to be paid overtime pay at the statutory rate of 1 and ½ her regular rate of pay after she had worked 40 hours in a workweek.

42.      During most workweeks between May 2011 and September 2013, Cristina Rios worked more than 55 hours per week.

43.      Defendant failed to compensate Cristina Rios for time worked in excess of 40 hours per week at a rate of at least 1 and ½ times her regular hourly rate, throughout the entire term of her employment with Defendant.

44.      Defendant failed to furnish Plaintiff with an accurate statement of wages listing

hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

45.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff.

46.     On or about August 15, 2013, Plaintiff complained to Defendant regarding its failure to pay her overtime in violation of the FLSA.

47.     On or about August 16, 2013, Defendant retaliated against Plaintiff by removing from her scheduled approximately 2 hours each workday that Plaintiff reported to Defendant's office.

48.     On or about August 20, 2013, Defendant held a meeting with Plaintiff regarding her complaints of failure to pay overtime.  During the meeting, Plaintiff again complained to Defendant regarding its unlawful practice of failing to pay overtime to Community Relations Representatives and also advised Defendant that she felt that she was being retaliated against by Defendant due to her complaints regarding Defendant's failure to pay overtime.

49.     On or about September 3, 2013, Defendant unlawfully terminated Plaintiff in retaliation for her complaints regarding Defendant's failure to pay overtime.

50.     Defendant's reason(s) for terminating Plaintiff is a mere pretext to Defendant's retaliatory actions against Plaintiff as a result of Plaintiff's complaints regarding Defendant's failure to pay overtime in violation of the FLSA.

## FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
**(Brought on behalf of Plaintiff and the FLSA Collective)**

51.     Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Plaintiff and the FLSA Collective Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

53.     Defendant employed Plaintiff and FLSA Class Members for workweeks longer than 40 hours and willfully failed to compensate the Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times her regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

54.     Defendant employed Plaintiff and the members of the FLSA Collective as an employer.

55.     Defendant failed to keep accurate records of time worked by Plaintiff and the FLSA Collective.

56.     Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

57.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

58.     Because Defendant's violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59.     Plaintiff has expressed her consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

60.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and the Defendant is indebted to her in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiff)**

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendant employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times her regular hourly rate, in violation of the requirements of NYLL.

63.     By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

64.     Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

65.     Defendant has a policy and practice of refusing to pay overtime compensation to the Plaintiff.

66.     Defendant's failure to pay overtime compensation to the Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

67.     As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the Defendant is indebted to her in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendant's unlawful and willful conduct, as the Court deems just and proper.

10

68.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the Defendant as provided by the NYLL.

### THIRD CAUSE OF ACTION
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiff)**

69.     Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

70.     Defendant failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as her primary language, containing Plaintiff' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71.     Defendant failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72.     Due to Defendant's violations of N.Y. Lab. Law § 195, Plaintiff is entitled to

damages of fifty dollars for each workweek that Defendant failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, and damages of one hundred  dollars for each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**FLSA – Retaliation**
**(Brought on behalf of Plaintiff)**

73.     Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

74.     By its conduct alleged above, including but not limited to, terminating Plaintiff, Defendant unlawfully retaliated against Plaintiff in violation of the FLSA, 29 U.S.C. § 215(a)(3).

75.     Any alleged reason for Defendant's incidents of retaliation is nothing more than a pretext so that Defendant and its agents may attempt to mask their unlawful actions.

76.     Plaintiff has been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**NYLL – Retaliation**
**(Brought on behalf of Plaintiff)**

77.     Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

78.     By their conduct alleged above, Defendant unlawfully retaliated against Plaintiff in violation of N.Y. Lab. Law § 215(2).

79.     Any alleged reason for Defendant's incidents of retaliation is nothing more than a pretext so that Defendant and its agents may attempt to mask their unlawful actions.

80.     Plaintiff has been damaged in an amount to be determined at trial.

12

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, seek for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the 6 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Community Relations Representatives or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Pre-judgment interest and post-judgment interest as provided by law;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.      Attorneys' fees and costs of the action;

G.      Damages of fifty dollars for Plaintiff for each workweek that Defendant failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, as provided for by N.Y. Lab. Law § 198;

H.      Damages of one hundred dollars for Plaintiff for each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred

dollars, as provided for by N.Y. Lab. Law § 198;

      I.     Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

      J.     An injunction requiring Defendant to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq.*;

      K.     Such other injunctive and equitable relief as this Court shall deem just and proper;

      L.     Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d); and

      M.     Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d).

Dated: Melville, New York
       February 20, 2014

                       Respectfully submitted,

                       By:   */s/ Troy L. Kessler*
                          Troy L. Kessler

                       **SHULMAN KESSLER LLP**
                       Troy L. Kessler
                       Marijana F. Matura
                       Ilan Wesier
                       510 Broadhollow Road, Suite 110
                       Melville, New York 11747
                       Telephone: (631) 499-9100

                       *Attorneys for Plaintiff and the*
                       *Putative FLSA Collective Class*