

July 22, 2014

**Via Electronic Case Filing**
Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Rios, et al. v. Amerigroup New York, LLC*,
              Case No.: 14 Civ. 1093 (DLI) (VMS)

Dear Judge Irizarry:

       We represent Plaintiffs in the above-referenced wage and hour putative collective action. Pursuant to Your Honor's Individual Motion Practices, Section IV.A, please accept this letter as a request for a pre-motion conference regarding Plaintiffs' anticipated motion pursuant to 29 U.S.C. § 216(b), which shall seek an order to: (1) conditionally certify this matter as a collective action; (2) require Defendant to furnish the names and contact information of potential class members employed by Defendant; and (3) authorize Plaintiffs to circulate and post a Notice of Pendency and Consent to Join form to all similarly situated individuals.

       Plaintiffs allege that Defendant failed to pay overtime wages to their Community Relations Representatives ("CRR"), Special Events Coordinators ("SEC"), and Representatives in the Quality Assurance Department ("QAR"), in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as in violation of the New York Labor Law ("NYLL"). P. Am. Compl. ¶¶ 59-67, ECF No. 9. To serve the "broad remedial purpose" of the FLSA, courts conditionally certify collective actions and order a Notice of Pendency be sent to other potential "similarly situated" employees, so that they have an opportunity to join the case. *E.g.*, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (Sotomayor, J.). This type of court-supervised notice is the best method for notifying potential stakeholders that they may have a claim. *E.g.*, *Hoffmann-La Roche*, 493 U.S. at 172; *Sbarro*, 982 F. Supp. at 260.

       Plaintiffs' motion will request the Court to conditionally certify a class of CRRs who allege that Defendant unlawfully classified them as exempt and denied them of overtime pay. Am. Compl. ¶ 59. Plaintiffs also seek to conditionally certify a class of SECs and QARs, who were required to work off-the-clock and denied overtime pay for their off-the-clock work. *Id.* ¶ 60.

       Certification of a collective action is a two-step process. *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2014 U.S. Dist. LEXIS 23935, at *7 (E.D.N.Y. Feb. 25, 2014). In the first-step, the Court need only look to the pleadings and declarations to determine whether the potential class

510 Broadhollow Road, Suite 110
Melville, New York 11747
Tel 631.499.9100  Fax 631.499.9120
www.shulmankessler.com

Hon. Dora L. Irizarry, U.S.D.J.
Re: *Rios v. Amerigroup New York LLC*
July 22, 2014
Page 2 of 2

members are "similarly situated" to the plaintiff, under a lenient evidentiary standard. *E.g.*, *Avila v. Northport Car Wash, Inc.,* 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011); *Laroque v. Domino's Pizza*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (Irizarry, J.). If the prospective opt-ins are "similarly situated," then the Court must conditionally certify the collective action and permit notice to be circulated. *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005). At step-two, after the completion of discovery, a court can determine whether the plaintiffs are "in-fact" similarly situated. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Plaintiffs' motion will request that the Court engage in the step-one analysis only. At this stage, Plaintiffs' burden is minimal. *See Puglisi,* 2014 U.S. Dist. LEXIS at *7; *Laroque*, 557 F. Supp. 2d at 352. Through their declarations, Plaintiffs will demonstrate that potential opt-ins are similarly situated because they were "victims of a single decision, policy or plan" which deprived them of overtime wages. *Alvarez v. IBM Rests., Inc.*, 839 F. Supp. 2d 580, 580 (E.D.N.Y. 2012).

Plaintiffs' motion is necessary at this early stage of the litigation because the FLSA statute of limitations is continuing to expire on "similarly situated" individuals who have not joined the case. *See* 29 U.S.C. § 216(b); *Hoffmann-La Roche*, 493 U.S. at 169. Plaintiffs seek to have their Notice issued to all of Defendant's CRRs employed from February 20, 2011 to the present, and to all SECs, and QARs employed from March 26, 2011 to the present – three years prior to the Complaint and First Amended Complaint respectively. *E.g.*, *Velasquez v. Digital Page, Inc*., 2014 U.S. Dist. LEXIS 68538, at *30, *32 (E.D.N.Y. May 19, 2014) (issuing notice for three years prior to complaint where willfulness was alleged in complaint).

\*     \*     \*     \*

In light of the foregoing, Plaintiffs respectfully request a pre-motion conference regarding Plaintiffs' anticipated motion to conditionally certify this case as a collective action. Thank you for Your Honor's anticipated consideration of this matter.

Respectfully submitted,

/s/     Troy L. Kessler

cc:     Heather Havette, Esq.