Seyfarth Shaw LLP

1075 Peachtree Street, N.E.

Suite 2500

Atlanta, GA  30309-3962

(404) 885-1500

fax (404) 892-7056

www.seyfarth.com

(404) 881-5449

hhavette@seyfarth.com

July 29, 2014

**VIA ELECTRONIC CASE FILING**

The Honorable Dora L. Irizarry
United States District Court Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   *Rios, et al. v. Amerigroup New York, LLC*
>         Case No. 14 Civ. 1093 (DLI)(VMS)

Dear Judge Irizarry:

  This firm is counsel to Defendant Amerigroup New York, LLC ("Amerigroup") with respect to the above-referenced matter.  We write in response to Plaintiffs' letter dated July 22, 2014 requesting a pre-motion conference seeking permission to file a motion for conditional class certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), the names and contact information of potential class members, and authorization to send notice to a class of similarly-situated plaintiffs.

  Plaintiffs are former employees who were employed with Amerigroup's predecessor, HealthPlus, and then with Amerigroup at various times between 2001 and 2014 and in various capacities.  Plaintiffs now seek conditional certification with respect to three putative classes: a class of current and former Community Relations Representatives (CRRs); a class of current and former Special Events Coordinators (SECs); and a class of current and former Representatives in the Quality Assurance Department (QARs).

  Plaintiffs' request is premature because they recently filed their Second Amended Collective Action Complaint, Dkt. No. 25 ("Second Amended Complaint").  The Second Amended Complaint amends Plaintiffs' First Amended Collective Action Complaint to, among other things, redefine the third class of individuals for whom they seek to represent as "Representatives in [Amerigroup's] Quality Assurance Department who worked as Quality Assurance Representatives or Outreach Representatives" in New York.  *Id.* at ¶ 76. Granting Plaintiffs' request for a pre-motion conference on the conditional certification of a newly identified class, before Amerigroup is able to answer or otherwise respond to Plaintiffs' amended complaint, would be unfair and prejudicial.

The Honorable Dora L. Irizarry<br>
July 29, 2014<br>
Page 2

  Relatedly, Plaintiffs' request is also premature because the third subclass of individuals whom they seek to represent remains undefined. In Plaintiffs' First Amended Collective Action Complaint, Dkt. No. 9, Plaintiffs sought to represent former and current "Quality Assurance Representatives." In their Second Amended Complaint, Plaintiffs redefined this subclass as "Representatives in [Amerigroup's] Quality Assurance Department who worked as Quality Assurance Representatives or Outreach Representatives" Amerigroup, however, does not have a "Quality Assurance Department;" did not employ "Quality Assurance Representatives;" and is unable to determine exactly which set of employees Plaintiffs now seek to represent. The Parties still need to meet and confer regarding Plaintiffs' proposed third subclass of putative class members and, as such, Plaintiffs' request is untimely. Thus, Amerigroup respectfully requests that Plaintiffs' instant letter request be denied and that a limited period of reasonable discovery regarding the identification of Plaintiffs' third subclass occur prior to any such motion.

  Thank you for Your Honor's attention to this matter.

              Respectfully submitted,

              SEYFARTH SHAW LLP

              *s/ Heather Havette*
                Heather Havette

cc:  Troy L. Kessler, Esq.
    Marijana F. Matura, Esq.
    Garrett D. Kaske, Esq.